-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAURICE J. JOHNSON, 08-B-1929,

        Plaintiff,

    -v-                                    08-CV-6119CJS(P)
                                          **ORDER**
Superintendent RONALD HARLING,
Supervisor NORA J. DEMARCO, and
Sergeant LAWRENCE KLONER,

        Defendants.
_____

## INTRODUCTION

Plaintiff Maurice J. Johnson is an inmate of the Monroe County Jail proceeding pro se. He was granted permission to proceed in forma pauperis and directed to file an Amended Complaint. Plaintiff filed a motion for assignment of counsel and requested an extension of the time to respond. He has filed an Amended Complaint, and the Amended Complaint (Docket No. 5) is now the operative pleading for the action. For the reasons discussed below, the Amended Complaint is dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A.

## DISCUSSION

The Amended Complaint is the operative pleading for this action. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Amended Complaint. The Court shall dismiss a complaint if the action (I) is frivolous or malicious; (ii) fails to state a claim upon which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007).

In evaluating the Amended Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor.  See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson, v. Pardus, 551 U.S. 89,-, 127 S.Ct. 2197, 2200 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, -, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks and citation omitted); see also Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in pro se cases after Twombly).  "A document filed pro se is to be liberally construed, ..., and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erikson, 127 S.Ct. at 2200 (internal quotation marks and citations omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of

a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)).  Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

**A.  Plaintiff's Allegations**

The Amended Complaint raises essentially the same claims that plaintiff alleged in his original complaint.  Plaintiff alleges, first, that Superintendent Harling failed to provide an adequate law library and a certified trained legal advocate who is able to provide plaintiff with assistance in preparing and filing legal papers.  Second, he claims that Supervisor DeMarco denied him physical access to the Monroe County Jail Law Library, which she purportedly said was her office and off limits to inmates, and thereby denied him the opportunity to prepare a Pro Se Omnibus motion.  Third, plaintiff claims that Sergeant Kloner violated his constitutional rights by failing to properly process his grievance complaint at the Monroe County Jail.

Plaintiff states that he was planning to represent himself on a pending criminal charge.  Although plaintiff had assigned counsel, he was dissatisfied and alleged ineffective assistance of counsel on July 19, 2007.  He does not clarify whether he was

permitted to represent himself in the criminal matter, continued with another assigned counsel, or was assigned an attorney to act as a legal advisor, but his papers indicate that he had access to an attorney or attorneys.[1]

Plaintiff alleges that he repeatedly requested to physically go to a law library located in the Monroe County Jail to do his research and writing. He wanted to be able to sit in a library room, do his work and to make his own copies. He objected to the Monroe County Jail's procedure that required requesting materials from the law library, which would then be delivered to an inmate, and required that inmates submit papers for copying. Plaintiff contends that this process violated his constitutional rights. Plaintiff does not allege that he was unable to conduct any legal research, that he was unable to prepare his legal papers, or that he missed any deadline as a result of the procedure. Further, plaintiff does not allege that he was denied or restricted in his access to his attorney. In fact, the attached exhibits suggest that defendants directed plaintiff either accept the procedures that Monroe County Jail had in place, or to request that his

---

[1] In the exhibits, attached to the prosecutor's cross-motion and answering affirmation dated August 27, 2007, plaintiff's counsel is listed a "Donald Thompson, Esq.". Additionally, the Court notes that plaintiff had a separate action filed in this Court in which he challenged the criminal prosecution, Johnson v. Valentino, et al., Civil Docket No. 08-CV-6518CJS, in which he lists Public Defender Edward J. Nowak, Assistant Public Defender Julie Cianca, and Assigned Counsel Donald M. Thompson, Billie D. Holliday, and Charles A. Schiano, Jr. as the defense attorneys who provided him with legal representation on the criminal matter.

4

attorney make copies of papers for him or provide other clerical assistance to plaintiff.

Additionally, plaintiff alleges that his grievances were not properly addressed while he was housed at the Monroe County Jail.

**B.   Review of the Prior Pleading**

Based on the review of the original complaint, the Court found that plaintiff's allegations did not set forth a cognizable constitutional claim.  Plaintiff was afforded an opportunity to amend his Complaint.  The Court advised plaintiff that although a correctional facility must provide an inmate with meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977), the mere limitation of access to legal materials, without more, does not state a constitutional claim, as "'the Constitution requires no more than reasonable access to the courts.'" Jermosen v. Coughlin, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (quoting Pickett v. Schaefer, 503 F. Supp. 27, 28 (S.D.N.Y. 1980)).

Additionally, plaintiff was advised that, to set forth a viable claim, he must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).  Accord Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987).  Plaintiff was advised that he needed to show that he suffered an actual injury traceable to the challenged conduct of prison officials.  In short, he is required to show that a

5

"nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. Lewis, 518 U.S. at 351-52. Plaintiff was advised that his claim, taken as true, offered "no facts to explain how [the copying and early service of his papers] prejudiced [plaintiff's] ability to seek redress from the judicial system." Smith v. O'Connor, 901 F. Supp. 644, 649 (S.D.N.Y. 1995).

**C.    Review of Amended Complaint**

Plaintiff alleges a denial of meaningful access to court. The right to meaningful access to Court can be satisfied in several ways. Thus, the Supreme Court has instructed that "Bounds [supra] did not create an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). For example, "'the provision of counsel can be a means of accessing the courts' that satisfies a state's constitutional obligation to provide pretrial detainees with access to the courts." Bourdon v. Loughren, et al., 386 F.3d 88, 93 (2d Cir. 2004) (quoting Benjamin v. Fraser, 264 F.3d 175, 186 (2d Cir.2001)). The state may satisfy its obligation by providing assigned counsel or access to an adequate law library. Benjamin v. Kerik, 102 F.Supp.2d 157, 164 (S.D.N.Y. 2000) (citing Spates v. Manson, 644 F.2d 80, 84-85 (2d Cir.1981)). "Pre-trial detainees have the right to counsel, and if they decline and choose to represent themselves, the court may appoint stand-by counsel to assist." Id. Thus, plaintiff's claim that he was not provided with access to a law library in the manner

6

he requested does not rise to the level of a constitutional violation.

Moreover, plaintiff has not demonstrated that he was harmed by the procedures followed at the Monroe County Jail.  He has not demonstrated that he was harmed or "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). Accord Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987). Accordingly, the access to court claims are dismissed.

The Complaint also alleges that Sergeant Kloner did not properly process plaintiff's grievance.  Grievance procedures are the internal procedures established by the Monroe County Jail, and as such, inmates do not have a constitutionally protected right to a grievance procedure.  See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138(1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"), cert. denied, 514 U.S. 1022 (1995).  Nor, as a general rule, is there a federal right to have grievance procedures properly administered. see Ramirez v. Holmes, 921 F.Supp. 204, 208 (S.D.N.Y. 1996).  "[I]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those

procedures does not give rise to a cognizable § 1983 claim." Shell v. Brzezniak, 365 F.Supp.2d 362, 370 (W.D.N.Y. 2005)(citing Cancel v. Goord, No. 00 Civ.2042, 2001 WL 303713, *3 (S.D.N.Y. 2001)). "If prison officials ignore a grievance that raises constitutional claims, an inmate can directly petition the government for redress of that claim." Id. (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Because his claim clearly does not fall within any recognized constitutional right, this remaining claim must be dismissed as well. No further amended is warranted.

## CONCLUSION

For the reasons discussed above, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the

Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the Amended Complaint is dismissed with prejudice;

FURTHER, that plaintiff's motion for assignment of counsel is denied as moot, and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 11, 2009
         Rochester, New York